UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Abdul Wakil Amiri,

      Plaintiff,

v.

Law Offices of Olekanma Ekekwe, P.C., *et al.*,

      Defendants.

Civil Action No. 19-0028 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in

the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

The handwritten complaint is difficult to discern, but plaintiff sues a District of Columbia-based law firm and another District of Columbia resident. *See* Compl. Caption. The complaint is not based on a federal question, and plaintiff and the defendant are citizens of the District for purposes of diversity jurisdiction. As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January 13, 2019

United States District Judge